Case 8:22-cv-01520-SDM-CPT   Document 2   Filed 11/22/22   Page 1 of 3 PageID 21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLADE RUSSO,

    Applicant,

v.                                                        CASE NO. 8:22-cv-1520-SDM-CPT

STATE OF FLORIDA,

    Respondent.
_____/

**ORDER**

    Russo applies under 28 U.S.C. § 2241 for the writ of habeas corpus as a pre-trial detainee in the Pasco County jail. Russo neither paid the $5.00 filing fee nor requested leave to proceed i*n forma pauperis*. Local Rules 6.03 and 6.04 directs that the action is subject to dismissal if the fee is not paid or if a motion for leave to proceed *in forma pauperis* is not filed. Nevertheless, the application is meritless.

    Russo alleges (1) that the state lacks probable cause to support the charges of aggravated battery, false imprisonment, and kidnapping; (2) that he is actually innocent based on self-defense; (3) that the charges violate double jeopardy; and (4) that the state's case of circumstantial evidence cannot rebut his defense. Russo requests both his immediate release and the dismissal of all pending charges.

    The essence of Russo's request is for this district court to intervene into a pending state criminal proceeding. Generally, the "abstention doctrine" bars federal

intervention into an ongoing state court proceeding. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The breadth of *Younger's* caution against federal intervention is explained in *Allee v. Medrano*, 416 U.S. 802, 836, 838 (1974):

> To meet the *Younger* test [and warrant federal intervention, an applicant] must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts. . . . A federal court must be cautious, however, and recognize that our criminal justice system works only by according broad discretion to those charged to enforce laws.
>
> . . . .
>
> Unless the injury confronting a state criminal defendant is great, immediate, and irreparable, and constitutes harassment, the prosecution cannot be interfered with under *Younger*. The severity of the standard reflects the extreme reluctance of federal courts to interfere with pending state criminal prosecutions.

*Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances."). Russo presents no compelling reason to intervene in state court. If he is convicted and if he properly presents a valid federal claim to the state courts and his valid federal claim is finally rejected by the state courts, Russo may apply to this federal court for the writ of habeas corpus under Section 2254.

The application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Russo and close this case.

### DENIAL OF BOTH
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Russo is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Russo must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Russo cannot proceed under Section 2241, Russo is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**. Russo must obtain permission from the circuit court to appeal *in forma pauperis.*

ORDERED in Tampa, Florida, on November 22, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE